UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Josette Davis,<br><br>　　Plaintiff,<br><br>v.<br><br>Interstate Recovery Service, Inc.<br>c/o Seymour M. Teach<br>1216 Granby Street, Suite 19<br>Norfolk, VA 23510<br><br>and<br><br>William J. Stemple<br>236 Mustang Trail<br>Virginia Beach, VA 23452,<br><br>　　Defendants. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Indiana.

5- Defendant is a corporation with its principal office in the State of Virginia.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

1

7- Upon information and belief, Defendant William J. Stemple ("Stemple") is the manager, operator, supervisor, and/or owner of IRS and has direct control over the operations of IRS.

8- Employees can be held personally liable under the FDCPA. *See Robinson v. Manages Accounts Receivable Corp.*, 654 F. Supp.2d 1051 (C.D. Cal 2009); *see also Schwarm v. Craighead*, 552 F. Supp.2d 1056 (E.D. Cal. 2008).

9- Most district courts that have addressed the issue of personal liability have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA. *See Schwarm v. Craighead*, 552 F.Supp.2d 1056 (E.D. Cal. 2008); *see also Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F.Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F.Supp.2d 891 (N.D.Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F.Supp.2d 389 (E.D.PA 2004); *Brink v. First Credit Res.*, 57 F. Supp.2d 848 (D.AR 1999); *Pikes v. Riddle*, 38 F.Supp.2d 639 (N.D. IL 1998); *Ditty v. CheckRite*, 973 F.Supp. 1354 (D. Utah 1997).

10- Unless specifically stated otherwise, the term "Defendant" as used herein shall refer to Defendants IRS and Stemple, collectively.

11- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

12- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

**FACTS COMMON TO ALL COUNTS**

13- At all relevant times, Defendant used the acronym I.R.S. to identify itself as a tool to intimidate and confuse consumers.

14- On December 21, 2012, Plaintiff filed a voluntary bankruptcy petition that included the Debt.

15- Despite Plaintiff's bankruptcy filing, on or around April 8, 2013, Defendant telephoned Plaintiff's place of employment and spoke with Plaintiff's co-worker ("Co-Worker").

16- During this communication, Defendant disclosed the existence, nature, and/or amount of the Debt to Co-Worker.

17- Despite Plaintiff's bankruptcy filing, on or around April 9, 2013, Defendant telephone Plaintiff's place of employment and spoke with Plaintiff.

18- During this communication, Plaintiff notified Defendant that she was not allowed to receive Defendant's telephone calls at her place of employment and/or that it as inconvenient for Plaintiff to receive Defendant's telephone calls at her place of employment.

19- During this communication, Defendant falsely represented that there was a legal action pending against Plaintiff for the Debt and provided a case number to Plaintiff.

20- During this communication, Defendant falsely represented that, unless Plaintiff settled the Debt that day, Defendant would proceed against Plaintiff.

21- Despite Plaintiff's bankruptcy filing and having notice that Plaintiff was not able to receive Defendant's telephone calls at her place of employment, on or around April 9, 2013, Defendant again telephoned Plaintiff's place of employment.

22- During this communication, Defendant spoke to Plaintiff in an abusive, intimidating, harassing, and/or oppressive manner that included yelling.

23- At the time of these communications, Defendant knew, or should have known, about Plaintiff's bankruptcy filing.

24- Defendant damaged Plaintiff.

25- Defendant violated the FDCPA.

## COUNT I

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692b(2) by disclosing the existence, nature, and/or amount of the Debt to a person other than Plaintiff.

## COUNT III

30- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

31- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the debt.

## COUNT IV

32- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

33- Defendant violated 15 USC § 1692b(6) by communicating with a third-party after having notice that Plaintiff was represented by an attorney.

## COUNT V

34- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

35- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## JURY DEMAND

36- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

37- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney For Plaintiff*